UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANCE BOND, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMO INTERMEDIATE II HOLDINGS, LLC D/B/A ALAMO DRAFTHOUSE CINEMA,<br><br>Defendant. | Civil Action No. 24-cv-9279<br><br>**JURY TRIAL DEMAND**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Lance Bond on behalf of himself and all others similarly situated bring this class action complaint against Alamo Intermediate II Holdings, LLC d/b/a Alamo Drafthouse Cinema ("Defendant" or "Alamo Drafthouse"), and alleges the following:

**INTRODUCTION**

1. This lawsuit concerns Defendant's deceptive assessment of "convenience fees" to movie-goers who purchase tickets on Defendant's website in violation of (1) the New York Arts and Cultural Affairs Law § 25.07(4) and (2) New Yorks Gen. Bus. Law § 349 (the "GBL"), amongst other violations.

2. Defendant operates three New York locations: Downtown Brooklyn, Lower Manhattan, and Staten Island. On its webpage specific to its Downtown Brooklyn location, Alamo Drafthouse represents that tickets are priced as follows: General Pricing Weekday Matinees (Adult, Child, Student, Senior): $15.50 and Weekday Evenings: $18.99.[1] On its webpage specific to its Lower Manhattan location, Alamo Drafthouse represents that tickets are priced as follows: General Pricing Weekday Matinees: $15.50 and Weekday Evenings: $18.50.[2] On its webpage specific to its Staten Island location,

---

[1] https://drafthouse.com/nyc/theater/downtown-brooklyn
[2] https://drafthouse.com/nyc/theater/lower-manhattan

1

Alamo Drafthouse represents that tickets are priced as follows: General Pricing Weekday Matinees: $12.00 and Weekday Evenings: $15.50.[3]

3. However, these prices to not represent the actual price a consumer pays to see a movie at Defendant's New York locations. Instead, whenever a movie-goer selects a ticket on the website drafthouse.com, they are ambushed for the <u>first time</u> by the existence of a "convenience fee" at the final checkout screen.

4. By intentionally introducing the existence of a "convenience fee" for the first time at checkout and *after* a movie-goer select their seats, Defendant effectively puts consumers on a shot clock to make their purchase since New York is a busy place a Defendant cannot hold the selected seats open forever. This cheap trick has enables Defendant to swindle substantial sums of money from its customers.

5. Even worse, New York law specifically prevents this type of deception via the Arts and Cultural Affairs Law § 25.07, which provides the following:

> Every operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of **tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase. Disclosures of subtotals, fees, charges, and any other component of the total price shall not be false or misleading, and may not be presented more prominently or in the same or larger size as the total price.** The price of the ticket shall not increase during the purchase process, excluding reasonable fees for delivery of non-electronic tickets based on the delivery method selected by the purchaser, which shall be disclosed prior to accepting payment therefore.

N.Y. Arts and Cult. Aff. Law § 25.07(4) (emphasis added).

6. The latest version of this law went into effect on August 29, 2022.

7. Defendant violates the above law and deceives consumers in that: (1) Defendant falsely represents the true price of tickets on its website; (2) Defendant does not disclose the portion of the ticket

---

[3] https://drafthouse.com/nyc/theater/staten-island

price that represents the "convenience fee" *prior* to the ticket being selected for purchase; and (3) Defendant does not disclose the existence of a "convenience fee" *prior* to the ticket being selected for purchase.

8. Defendant's scheme also violates the GBL and unjustly enriches Defendant.

9. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for film screenings in the state of New York for actual damages, statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33, for violation of the GBL, and unjust enrichment.

## PARTIES

10. Plaintiff Lance Bond is an individual consumer who, at all times material hereto, is a citizen and resident of New York, New York.

11. Defendant Alamo Intermediate II Holdings, LLC d/b/a Alamo Drafthouse Cinema is a corporation with its principal place of business and headquarters in Austin, Texas. Defendant sells movie tickets throughout the United States, including the state of New York.

12. On information and belief, Alamo Intermediate II Holdings, LLC. is one of, if not the only, member of Defendant. Alamo Intermediate II Holdings, LLC is incorporated under the laws of the State of Texas, with a principal place of business located in Austin, Texas.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this action because (1) the proposed classes are comprised of at least 100 members, (2) at least one member of the proposed class is a citizen of a state other than New York, and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) and (6).

14. Venue is proper in the United States District Court for the Southern District of New York because Defendant is subject to personal jurisdiction in the Southern District, because Defendant regularly

conducts business in the Southern District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Southern District. 28 U.S.C. § 1391.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

15. Defendant operates three New York locations: Downtown Brooklyn, Lower Manhattan, and Staten Island.

16. Defendant clearly and conspicuously represents what its ticket prices are on its website for each New York location:

**Downtown Brooklyn – Figure 1**



**Lower Manhattan – Figure 2**



**Staten Island – Figure 3**



17.     Outside of being subject to state sales tax, Defendant does not disclose that the represented price may be higher at the time of checkout. Worse yet, Defendant never mentions the existence of a "convenience fee" when representing its ticket prices.

18.     When a movie-goer visits Defendant's website for a New York location, they can select a

5

movie, showtime, and theater location for a particular screening.

**Figure 4**



19.     After a consumer selects a showtime at a particular theatre, they are prompted to select a seat. See next page.

**Figure 5**



20.    In the split second a consumer hovers over the seat they are selecting, a price is shown.

**Figure 6**



21.     The price shown makes no mention of a "convenience fee" or any other fee and instead displays a cost for "Adult" and "Kid."

22.     Further, the price displayed only is shown to a consumer if their mouse is hovering over the selected seat.

23.     *After* a consumer selects the seat or seats which they wish to purchase a ticket or tickets for, they can click the "Next" button.

24.     The consumer is then brought to the "Checkout" page where, <u>for the first time</u>, Defendant discloses that the consumer is being assessed a "Convenience Fee" of $1.99 as part of their purchase.

**Figure 7**



25.     Prior to this stage of the transaction, Defendant never disclosed the existence of a Convenience Fee.

26.     Further, prior to this stage of the transaction, Defendant never disclosed "in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge." N.Y. Arts and Cult. Aff. Law § 25.07.

27.     Upon information and belief, the Convenience Fee assessed by Defendant is $1.99 per ticket at all three New York locations. For a family of four, Defendant therefore tacks on $7.96 to the purchase—revealing the existence of these fees only at the end of the purchase process. At Defendant's Downtown Brooklyn location, that is equivalent to the cost of one bottomless soda drink.

**DEFENDANT VIOLATES NEW YORK ARTS & CULTURAL AFFAIRS LAW**

28. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07, which provides the following:

> Every operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of **tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase. Disclosures of subtotals, fees, charges, and any other component of the total price shall not be false or misleading, and may not be presented more prominently or in the same or larger size as the total price.** The price of the ticket shall not increase during the purchase process, excluding reasonable fees for delivery of non-electronic tickets based on the delivery method selected by the purchaser, which shall be disclosed prior to accepting payment therefore.

N.Y. Arts and Cult. Aff. Law § 25.07(4) (emphasis added).

29. Defendant's deceptive assessment of its Convenience Fee violates this statute in three ways:

   a. First, Defendant clearly and unambiguously represents on its website that its ticket prices are a certain price for each of its New York locations. *See* ¶¶13 – 14, Figures 1-3. However, Defendant never discloses until the time of checkout that these prices are provided *without* the inclusion of its mandatory Convenience Fee. Therefore, by representing its ticket prices in this way, Defendant does not "disclose the total cost of the ticket, inclusive of all ancillary fees."

   b. Second, Defendant does not, *prior to the ticket being selected for purchase*, disclose "in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge." Instead, Defendant does not disclose the "portion" of the ticket price representing its Convenience Fee until the time of checkout. *See* ¶¶ 15 – 22, Figures 4-7.

   c. Third, Defendant does not, *prior to the ticket being selected for purchase*, even disclose the *existence* of a convenience fee. Instead, to the extent a consumer hovers over their selected seat long enough to see it, Defendant shows a total price with no mention of the fact that it is assessing the consumer a Convenience Fee as part of the total price. By the time a consumer realizes they're being assessed a Convenience Fee, they're already at the payment screen. *See* ¶¶ 19 – 23, Figure 7.

**PLAINTIFF'S EXPERIENCE**

30. For example, on or about August 25, 2024, Plaintiff purchased a ticket on Defendant's

website for a movie at its Downtown Brooklyn location and was deceptively assessed and paid Defendant's Convenience Fee.

31. The Downtown Brooklyn location is the same Downtown Brooklyn location discussed in ¶ 2.

32. The Convenience Fee paid by Plaintiff was displayed and assessed in the manner alleged *supra*. *See* ¶¶ 15 – 26.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34. The proposed class ("Class") is defined as follows:

All persons in the United States who, within the applicable statute of limitations purchased electronic tickets to any film screenings in any Defendant theatre located in New York from Defendant's website and were charged a convenience fee.

35. Excluded from the Class are (i) Defendant and Defendant's subsidiaries and affiliates; (ii) Defendant's officers, directors, and employees; (iii) entities in which Defendant has a controlling interest; (iv) the judicial officer(s) to whom this action is assigned; and (v) the immediate family members, legal representatives, heirs, successors, or assigns of any party excluded under (i)–(iv).

36. Plaintiff reserves the right to modify or amend the definition of the proposed Class before this Court determines whether certification is appropriate.

37. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

38. As to numerosity: The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant's records. Defendant has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available

to Plaintiff.

39. As to commonality: The questions here are ones of common or general interest such that there is a well-defined community of interest among Class members. These questions predominate over questions that may affect only individual class members because Defendant has acted on grounds generally applicable to the class. Such common legal or factual questions include, but are not limited to: (i) whether Defendant violated New York Arts & Cultural Affairs Law § 25.07, (ii) the appropriate measure of damages; and (iii) whether Plaintiff and the proposed Class are entitled to declaratory relief, injunctive relief, restitution, or a combination of these.

40. As to typicality: Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Defendant, as described herein. The evidence and the legal theories regarding Defendant's alleged wrongful conduct committed against Plaintiff and absent Class members are substantially the same because the challenged practices are uniform for Plaintiff and Class members. Accordingly, in pursuing their own self-interest in litigating the claims, Plaintiff will also serve the interests of the Class.

41. As to adequacy: Plaintiff is a more than adequate representative of the Class pursuant to Rule 23 in that Plaintiff is a purchaser of Defendant's products and has suffered damages as a result of Defendant's deceptive practices. Additionally, (i) Plaintiff is committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated; (ii) Plaintiff has retained competent counsel experienced in the prosecution of class actions; (iii) there is no conflict of interest between Plaintiff and the unnamed members of the Class; (iv) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and (v) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and address the legal issues associated with this type of litigation.

42. As to predominance: The matter is properly maintained as a class action under Rule 23 because the common questions of law and fact identified herein and to be identified through discovery

predominate over questions that may affect only individual Class members.

43. As to superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this matter pursuant to Rule 23 because the injuries suffered by the individual Class members are relatively small. As such, the expense and burden of individual litigation would make it virtually impossible for Plaintiff and Class members to individually seek redress for Defendant's wrongful conduct.

44. Additionally, the class is numerous enough to render joinder of all members or the maintenance of separate suits impracticable. Even if any individual person or group of Class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive resolution by a single court. Further, the difficulties likely to be encountered in the management of this action as a class action are minimal.

45. In contrast, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party or parties opposing the Class and would lead to repetitious trials of many common questions of law and fact.

46. Plaintiff knows of no difficulty to be encountered in the management or maintenance of this action that would preclude its maintenance as a class action. But absent a class action, Plaintiff and Class members will continue to suffer losses, thereby allowing Defendant's violations of law to proceed without remedy and allowing Defendant to retain the proceeds of their ill-gotten gains.

47. For all these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this action.

48. As stated above, Defendant has acted or refused to act on grounds generally applicable to

the class, thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

49. All conditions precedent to bringing this action have been satisfied, waived, or both.

**FIRST CLAIM FOR RELIEF**
**Violation of New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf of Plaintiff and the Class)**

50. Plaintiff hereby incorporates by reference the preceding paragraphs as if restated here.

51. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

52. Defendant is an "operator or operator's agent of a place of entertainment," because Defendant owns, operates, or controls movie theatres, or is an agent for another business entity that owns, operates, or controls movie theatres. "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a <u>theatre</u>, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added). "'Operator' means any person who owns, operates, or controls a place of entertainment." N.Y. Arts & Cult. Aff. Law § 25.03(5).

53. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by (1) falsely representing the true price of tickets on its website; (2) failing to disclose the portion of the ticket price that represents a Convenience Fee *prior* to the ticket being selected for purchase; and (3) failing to disclose the existence of a convenience fee *prior* to the ticket being selected for purchase.

54. Defendant's approximately $2 per ticket "convenience fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

55. As an actual and proximate result of Defendant's misconduct, Plaintiff and the Class were injured and suffered damages.

56. Defendant is liable to Plaintiff and the Class for damages in amounts to be proven at trial.

13

57. On behalf of themselves and members of the Class, Plaintiffs seek to enjoin the unlawful acts and practices described herein, to recover their actual damages and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment
### (On Behalf of Plaintiff and the Class)

58. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

59. Plaintiff, individually and on behalf of the Class, asserts a common law claim for unjust enrichment. This claim is brought solely in the alternative to Plaintiff's statutory claim. In such circumstances, unjust enrichment will dictate that Defendant disgorge all improperly assessed fees.

60. By means of Defendant's wrongful conduct alleged herein, Defendant knowingly assessed Convenience Fees upon Plaintiff and the members of the Class in a deceptive way that is unfair, unconscionable, and oppressive.

61. Defendant has unjustly retained a benefit in the form of some or all of the improper Convenience Fees to the detriment of Plaintiff and the members of the Class.

62. Defendant has retained this benefit through and such retention violates fundamental principles of justice, equity, and good conscience.

63. Defendant should not be allowed to profit or enrich itself inequitably and unjustly at the expense of Plaintiff and the members of the Class and should be required to make restitution to Plaintiff and the members of the Class.

## THIRD CLAIM FOR RELIEF
### Violation of New York General Business Law § 349
### (On Behalf of Plaintiff and the Class)

64. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated here.

65. This Claim is brought on behalf of the Class, referred to in this section collectively as the "Class."

66. New York General Business Law § 349 ("GBL 349") prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service" in the State of New York.

67. Defendants engaged in "business," "trade," or "commerce" within the meaning of N.Y. Gen. Bus. Law § 349(a).

68. Plaintiff and Class Members are "persons" within the meaning of N.Y. Gen. Bus. Law § 349(h).

69. By reason of the conduct alleged herein, Defendants engaged in unlawful practices within the meaning of GBL 349. The conduct alleged herein is a "business practice" within the meaning of GBL 349, and the deception occurred within the State of New York.

70. Defendant misleadingly and deceptively represented the cost of viewing a movie at its New York theaters to consumers. *See* ¶¶14-23.

71. Defendant made misleading representations in its transaction process including but not limited notifying customers of the existence of the Convenience Fee for the first time at the final checkout screen, after a consumer has already selected their tickets for purchase.

72. Defendant's deceptive conduct is misleading in a material way in that it induced Plaintiff and the other Class Members to purchase and pay the Convenience Fee for to see a movie at Defendant's theaters.

73. Defendant intended for Plaintiff and the New York Class Members to rely on its aforementioned unfair and deceptive acts and practices, including the misrepresentations and omissions alleged above, and Plaintiff and the other Class Members reasonably relied on Defendant's misrepresentations and omissions to their detriment.

74. Defendant's conduct constitutes a deceptive and misleading practice in the conduct of a business in violation of New York General Business Law 349(a).

75. The omissions and misrepresentations for which Defendant is responsible constitute representations as to the particular standard, quality, or grade of goods and/or services that such goods and/or services did not actually have, in violation of GBL 349.

76. Defendant's omissions and misrepresentations were material because they were likely to deceive reasonable consumers, including Plaintiff and the other Class Members.

15

77. The misrepresentations and omissions described herein that were transmitted to consumers who made the purchases in New York, were consumer-oriented acts and thereby fall under the protection of GBL 349.

78. Defendant's violations of GBL 349 have an impact and general importance to the public. Conservatively, thousands of people residing have fallen victim to Defendant's misrepresentations and omissions. In addition, New York has a strong interest in regulating the conduct of companies that provide services to people who purchased tickets in New York, to ensure those people are protected from harm and deception.

79. As a direct and proximate result of the deceptive practices alleged herein, Plaintiff and members of the Class have suffered (and will continue to suffer) harm.

80. Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff, and all others similarly situated, seek all monetary and non-monetary relief allowed by law, including damages in the amount of actual damages or $50, whichever is greater, for each violation of GBL 349, injunctive relief, and attorneys' fees and costs. Because Defendant's conduct was committed willfully and knowingly, Plaintiff and Class Members are entitled to recover up to three times their actual damages.

## **PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff, individually and on behalf of the Class, prays for the following relief:

(a) Certification for this matter to proceed as a class action on behalf of the Class pursuant to Rule 23;

(b) Appointment of the Plaintiff as representative of the Class;

(c) Appointment of counsel for Plaintiff as Lead Counsel for the Class;

(d) A finding that Defendant's practices are in violation of New York Arts & Cultural Affairs Law § 25.07;

(e) Restitution of all amounts improperly paid to Defendant by Plaintiff and members of the Class as a result of the wrongs alleged herein in an amount to be determined at trial;

(f)   Actual damages in an amount according to proof;

(g)   Statutory damages as allowed by law;

(h)   An award of pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

(i)   An award of costs and attorneys' fees under the common fund doctrine and all other applicable law; and

(j)   Declaratory and injunctive relief on behalf of the general public.

(k)   Plaintiff also requests such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: December 6, 2024                **REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
(212) 643-0500
*mreese@reesellp.com*

**JENNINGS PLLC**
Christopher D. Jennings
Tyler B. Ewigleben
Winston S. Hudson
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (601) 270-0197
chris@jenningspllc.com
tyler@jenningspllc.com
winston@jenningspllc.com

*Attorneys for Plaintiff and the Proposed Class*